### J. G. Farris, Appellee, v. Baltimore & Ohio Southwestern Railroad Company, Appellant.

1. APPEALS AND ERRORS—*when sufficiency of evidence not subject to review.* The Appellate Court on appeal will not consider the sufficiency of the evidence to sustain a judgment where no exceptions were preserved to the rendition of the judgment.

2. BILLS OF LADING—*effect of provisions of, with respect to delivery.* A railroad company is liable if it makes delivery of merchandise contrary to the provisions of the bill of lading and without requiring the surrender thereof.

Assumpsit. Appeal from the City Court of Pana; the Hon. JOSIAH P. HODGE, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

SHUTT, GRAHAM & GRAHAM and HOGAN & WALLACE, for appellant.

McQUIGG & DOWELL, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the City Court of the city of Pana against appellant to recover damages for its failure to deliver four carloads of baled hay to appellee, as stipulated in its bills of lading. By agreement of the parties a jury was waived and the cause was tried before the court without a jury. There was a judgment in favor of appellee in the sum of $410, from which the company has prosecuted an appeal.

It appears from the evidence that about September 11, 1905, J. G. Farris loaded, at Lakewood, Illinois, four cars with baled hay which appellant agreed to transport to Atlanta, Georgia, and there deliver to appellee or to his order. The cars were furnished by appellant and were each consigned to "shipper's order" with directions to notify J. G. Farris & Company.

· There appeared upon the face of each bill of lading a provision in the following words:—

"If the word 'Order' is written immediately before or after the name of the party to whose order the property is consigned, the surrender of this original bill of lading properly indorsed shall be required before the delivery of the property at destination, as provided by Section 9 of the conditions on the back hereof."

Section 9, mentioned, read as follows:

"9. If the word 'Order' is written hereon immediately before or after the name of the party to whose order the property is consigned without any condition or limitation other than the name of a party to be notified of the arrival of the property, the surrender of this bill of lading properly indorsed shall be required before the delivery of the property at destination. If any other than the aforesaid form of consignment is used herein the said property may, at the option of the carrier, be delivered without requiring the production or surrender of this bill of lading."

About September 15, 1905, and soon after the shipment had been made, Farris disposed of the bills of lading to Schuyler for $390 and assigned them to Schuyler by writing his name across the back thereof. Schuyler attached drafts to the bills of lading and forwarded them to his bank or correspondent at Atlanta for collection.

While the hay was still in transit T. M. Kehoe, of Terre Haute, Indiana, went with Farris to see Schuyler in regard to the shipment and such negotiations were entered into that the shipment of hay was di-

verted from Atlanta to Terre Haute, Indiana, and there received by T. M. Kehoe & Company and sold by them. The hay was delivered by appellant to Kehoe & Company at Terre Haute, without the surrender to it of the bills of lading, or any of them, and while such bills of lading were in the hands of appellee's agent in Terre Haute, to whom appellee had forwarded them, after they had been returned to him from Atlanta.

Kehoe & Company claimed they were to receive the hay at Terre Haute and sell it upon their own account while appellee claims that he merely gave his consent to have the hay diverted from Atlanta to Terre Haute and that his agreement to divert the hay from Atlanta to Terre Haute did not in any way release appellant from its obligation to deliver the hay according to the terms of the bills of lading and only upon their surrender.

Upon this branch of the case there was a sharp conflict in the evidence, but as no exceptions were taken to the rendition of the judgment and preserved in the bill of exceptions this court cannot pass upon and determine whether or not the judgment was supported by a preponderance of the evidence or is contrary thereto, and we must therefore affirm the judgment of the trial court unless its holdings upon propositions of law submitted to it were erroneous.

Appellant contends that the trial court was in error in refusing to hold its propositions six and nine, which were in the following words:

"6. If the defendant delivered the cars in question to T. M. Kehoe & Co., upon the order of J. F. Farris, with the knowledge of H. N. Schuyler, and H. N. Schuyler did not forbid the defendant so to deliver said cars, the defendant is not liable in this case.

"9. Under the pleadings in this case, if the defendant diverted the cars in question from Atlanta, Georgia, upon the order of J. G. Farris, with the knowledge and approval of H. N. Schuyler, the defendant is not liable in this case."

The force and effect of holding these two proposi-

tions would have been to take from Schuyler the proceeds of the bills of lading duly assigned to him, because he did not forbid appellant to deliver the hay to Kehoe & Company and approved of the diversion of the cars of hay from Atlanta to Terre Haute, although his bills of lading, with the ownership and control of which he never parted, expressly provided that the hay should not be delivered to anyone except upon the surrender of the bills of lading properly indorsed.

Under the terms stated in the bills of lading Schuyler had a right to expect that appellant would not attempt to deliver the hay except in the manner provided for in the bills themselves, and in conformity with their provision, and there was no duty resting upon appellee to forbid appellant from doing that which it had expressly agreed in the bills it would not do. The mere consent by Schuyler to a diversion of the shipment from Atlanta to Terre Haute did not in any sense authorize appellant to wrongfully deliver the hay to a person not holding the bills of lading.

There appears to be no error in the holding of the court upon the propositions submitted and the judgment is affirmed.

*Affirmed.*